**07 CV 6065**

**JUDGE BUCHWALD**

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Cara E. Greene (CG 0722)
3 Park Avenue29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson ~~KS Bar # 16805~~
*(pro hac vice motion forthcoming)*
Matthew L. Dameron KS Bar # 21071
*(pro hac vice motion forthcoming)*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOHNNY ALMONTE, individually and on behalf all others similarly situated,

Plaintiff,

v.

SPRINT NEXTEL CORPORATION, d/b/a SPRINT NEXTEL INCORPORATED; NEXTEL OF NEW YORK, INCORPORATED; and SPRINT/UNITED MANAGEMENT COMPANY, d/b/a SPRINT NEXTEL CORPORATION and SPRINT NEXTEL INCORPORATED,

Defendants.

JUN 2 6 2007
U.S.
CASHIERS N.Y.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Johnny Almonte ("Almonte"), individually and on behalf of all others similarly situated as a class representative, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, for his complaint against Sprint Nextel Corporation, d/b/a Sprint Nextel Incorporated; Nextel of New York, Incorporated; and Sprint/United Management Company, d/b/a Sprint Nextel Corporation and Sprint Nextel Incorporated (collectively "Sprint" or "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Sprint provides communication services to consumers nationwide. Sprint's practice and policy is to deny wages and overtime pay to its telephone dedicated customer service representatives (or comparable positions with different titles) (hereinafter, "customer service representatives" or "CSRs") at its New York call center facilities. Sprint's deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") and New York state law.

2.      Plaintiff worked as a CSR at Sprint's call center facility in Elmsford, New York. This lawsuit is brought as a collective action under the FLSA and as a class action under New York law to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in Sprint call centers in New York.

3.      The United States Supreme Court recently held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to the customer service call centers operated by Sprint.

4.      Plaintiff and similarly situated employees engage in numerous preparatory activities, as well as related work activities performed over breaks and at the end of the work day, that are integral and indispensable for them to perform their customer service duties.

5.      It is Sprint's policy and practice not to pay CSRs for this work time, and consequently CSRs consistently work "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the

United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time they spend working pre-shift, post-shift and over unpaid meal breaks.

6.     By the conduct described in this Class Action Complaint, Sprint has violated the Fair Labor Standards Act ("FLSA"), and New York State wage and hour laws by failing to pay CSRs proper overtime compensation and proper compensation at the regular rate of pay.  These violations arise from of Sprint's company-wide policies, and pattern or practice of violating wage and hour laws.

7.     Plaintiff brings individual and representative claims to remedy these violations.  Plaintiffs brings his FLSA claims as a collective action, on his own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision, 29 U.S.C. § 216(b).

8.     Plaintiff also brings individual and representative wage claims as a class action pursuant to Fed. R. Civ. P. 23 for violations of New York Labor Law Article 6, §§ 201 *et.seq.*; Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142, ("NYLL").

## THE PARTIES

### *The Plaintiff*

9.     Plaintiff Almonte resides in Yorktown Heights, New York.

10.     Almonte's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

11.     Almonte was employed by Defendants as a CSR in Elmsford, New York from approximately August 2002 through approximately November 2005.

3

*The Defendants*

12.     Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the facilities and offices in which Plaintiffs worked, including the payroll and other employment practices therein.

13.     Sprint Nextel Corporation, d/b/a Sprint Nextel, Incorporated, is a Kansas corporation with its principal place of business in Overland Park, Kansas.

14.     Sprint Nextel Corporation does business in the State of New York and nationwide.

15.     Nextel of New York, Incorporated, is a Delaware corporation with its principal place of business in Reston, Virgina.

16.     Nextel of New York, Incorporated does business in the State of New York and nationwide.

17.     Nextel of New York, Incorporated is a wholly-owned subsidiary of Sprint Nextel Corporation.

18.     Sprint/United Management Company, d/b/a Sprint Nextel Corporation and Sprint Nextel Incorporated, is a Kansas corporation with its principal place of business in Overland Park, Kansas.

19.     Sprint/United Management Company does business in the State of New York and nationwide.

20.     Sprint/United Management Company is a wholly-owned subsidiary of Sprint Nextel Corporation.

## JURISDICTION AND VENUE

21.     The FLSA authorizes court actions by private parties to recover damages

for violation of the FLSA's wage and hour provisions.

22.    Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

23.    This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

24.    Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

25.    Plaintiffs' claims involve matters of national or interstate interest.

26.    Defendant is subject to personal jurisdiction in New York.

27.    This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

28.    Plaintiff's state law claims are so related to his FLSA claims that they form part of the same case or controversy.

29.    Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b) and (c).

30.    Sprint conducts business in the Southern District of New York.

31.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.    A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

5

## CLASS ACTION ALLEGATIONS

33.     Almonte brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of all persons who have worked for Defendants as CSRs in New York between June 25, 2001 and the date of final judgment in this matter (the "New York Class").

34.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

35.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

36.     Upon information and belief, the size of the New York Class is at least 50 workers.

37.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

38.     The First Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual

members of the New York Class, including but not limited to:

        a.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

        b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

        c.     whether Defendants failed and/or refused to pay Plaintiff and the New York Class for all hours worked in violation of NYLL Article 6, §§ 190 *et seq.*

        d.     whether Defendants failed and/or refused to pay Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

        e.     the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class;

        f.     whether Defendants have had a policy of failing to pay workers for time that they work;

        g.     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

        h.     whether Defendants failed to compensate Plaintiff and the New York Class for all work Defendants required and/or suffered or permitted them to perform; and

        i.     whether Defendants correctly calculated and compensated the Plaintiff and the New York Class for hours worked in excess of 40 per workweek.

        39.     The claims of Plaintiff are typical of the claims of the New York Class

they seek to represent. Plaintiff and the New York Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

40.     Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representatives, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the New York Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

41.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to

vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings his FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Defendants as CSRs in the State of New York within the last three years who elect to opt-in to this action (the "FLSA Collective").

44.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

### *Plaintiff's Individual Factual Allegations*

45.     Throughout his employment as a CSR at Sprint's Elmsford, New York call center, Plaintiff regularly performed compensable work for Sprint's benefit before his scheduled shift, during his unpaid breaks, after his scheduled shifts, and on weekends without compensation and without proper overtime premium compensation. Much of this uncompensated work was in excess of 40 hours in a workweek.

### *Class-Wide Factual Allegations*

46.     The principal job duties of a Sprint CSR are to take inbound calls from new or existing Sprint customers, activate or update accounts, assist with billing inquiries, handle service or equipment issues, educate customers on Sprint products and services, and other customer service functions.

47.     Sprint pays Plaintiff and the CSRs on an hourly basis.

48.     Sprint classifies Plaintiff and the CSRs as "non-exempt" under the FLSA and New York Labor Law.

49.     It is Sprint's policy and pattern or practice that CSRs are not compensated for time they work outside their regularly scheduled shifts or for "unauthorized overtime" – overtime that had not been approved in advance.

50.     CSRs regularly perform work, including work in excess of 40 hours in a workweek, for Sprint's benefit without proper compensation or proper overtime compensation. This unpaid work includes time that CSRs spend performing integral and indispensable job duties pre-shift, post-shift, on weekends, and during unpaid meal breaks.

51.    For example, according to Sprint policy, CSRs must be "ready to work" at the beginning of their scheduled shift. "Ready to work" means that the CSR must be ready to answer a call from a Sprint customer. A number of critical tasks must be performed before a CSR is ready to answer a call from a Sprint customer. CSRs perform many of these essential tasks before their shifts begin, during their designated lunch breaks, and after their shifts are completed. Sprint does not pay its CSRs for performing many of these integral and indispensable tasks that are necessary for the CSRs' principal activity of assisting Sprint customers.

52.    Sprint could easily and accurately record the actual time CSR employees spend working including, for example, by placing a time clock at the door of the call center.

53.    The net effect of Sprint's policy and practice is that Sprint willfully fails to pay overtime compensation and willfully fails to keep accurate time records in order to save payroll costs. Sprint enjoys ill-gained profits at the expense of its hourly employees. Because they share common management, as well as common payroll policies and practices, Sprint Nextel Corp., Nextel of New York, Inc., and Sprint/United Management Co. are jointly and severally liable to CSRs for their violation of the FLSA and the NYLL.

54.    Upon information and belief, it was Defendants' willful policy and pattern or practice to suffer and permit work by its employees, including Plaintiff, the New York Class Members, and the FLSA Collective Members (collectively "Class Members"), without paying them for all hours worked and without paying them an overtime premium for work that exceeded 40 hours in a week.

11

55. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

56. Defendants were aware or should have been aware that the law required them to pay non-exempt hourly employees, including Plaintiff and the Class Members, for all hours they suffered or permitted them to work, and to pay an overtime premium of time and one half for all work-hours they suffered or permitted in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to workers nationwide.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Wages
### On behalf of Plaintiffs and the FLSA Collective

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

59. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

61. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all times relevant, Plaintiff and the FLSA Collective have been

12

employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63.     Defendants employed Plaintiff and the FLSA Collective as an employer and/or joint employers.

64.     Defendants failed to pay Plaintiff and the FLSA Collective for all hours (or partial hours) worked.

65.     Defendants failed to pay Plaintiff and the FLSA Collective wages, including overtime wages, to which they are entitled under the FLSA.

66.     Defendants failed to keep accurate records of time worked by Plaintiffs and the FLSA Collective.

67.     Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

68.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the FLSA Collective.

69.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law: Unpaid Overtime Wages
### On behalf of the New York Plaintiffs and the New York Class Members

71.     Plaintiff realleges and incorporates by reference all allegations in all

13

preceding paragraphs.

72.     Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL, as detailed in this Class Action Complaint.

73.     At all times relevant the Plaintiff and the members of the New York Class have been employees and Defendants have been employers within the meaning of the NYLL.  Plaintiff and the members of the New York Class are covered by NYLL.

74.     Defendants employed Plaintiff and the Class Members as employers and/or as joint employers.

75.     Defendants failed to pay Plaintiff and the New York Class Members wages, including overtime wages, to which they are entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142. Defendants failed to pay Plaintiff and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay.  Defendants failed to pay Plaintiff and the New York Class Members overtime at wage rate of one and one-half times the basic minimum hourly rate.

76.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class Members.

77.     Defendants' violations of NYLL, as described in this Class Action Complaint, have been willful and intentional.

78.     Due to Defendants' violations of NYLL, the Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, and pre-judgment and

post-judgment interest.

79.    Plaintiff does not seek NYLL liquidated damages individually or on behalf of the New York Class Members.

### THIRD CAUSE OF ACTION
#### New York Labor Law:  Unpaid Wages
**On behalf of the New York Plaintiffs and the New York Class Members**

80.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.    The provisions of NYLL Article 6 §§ 190 *et seq.* and its supporting regulations apply to Defendants and protect the Plaintiff and the New York Class Members.

82.    At all times relevant to this action, Plaintiff and the New York Class Members have been employees and Defendants have been employers within the meaning of NYLL §§ 190, 651(5).

83.    Defendants have engaged in a policy and pattern or practice of failing to compensate Plaintiff and the New York Class Members at their agreed regular rates of pay for all hours worked.

84.    Defendants' failure to pay Plaintiff and the New York Class Members their wages at their agreed hourly regular and overtime pay rates for all hours worked or required to be compensated by law violates NYLL Article 6, §§ 190 *et seq.*

85.    Due to Defendants' violations of NYLL, Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

86.    Plaintiff does not seek NYLL liquidated damages individually or on behalf

of the New York Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendants as CSRs (or in comparable roles with different titles). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B.      Unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs of suit, including expert fees under the FLSA.

C.      Certification of Plaintiff's NYLL claims as a class action under Fed. R. Civ. P. 23;

D.      Designation of Plaintiff as Class Representative and his lawyers as Class Counsel;

E.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

F.      Appropriate equitable and injunctive relief to remedy Defendants' violations of NYLL, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

G.    An award of unpaid wages, reasonable attorneys' fees and costs of suit, including expert fees under NYLL;

H.    Pre-judgment and post-judgment interest, as provided by law; and

I.    Such other injunctive and equitable relief as the Court may deem just and proper (Plaintiff does not seek NYLL liquidated damages individually or on behalf of the New York Class Members).

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:    New York, New York
          June 26, 2007

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 877-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson KS Bar # 16805
*(pro hac vice motion forthcoming)*
Matthew L. Dameron KS Bar # 21071
*(pro hac vice motion forthcoming)*
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Telephone:  (816) 714-7112
Facsimile:  (816) 714-7101

**Attorneys for Plaintiffs and the Putative Class**

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 6/22/07

Printed Name: ~~John Amante~~ Johnny Almont

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against _Sprint_____. By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and other attorneys with whom they may associate.

Date: 6/22/07

Johnny Almonte

Printed Name: ~~John Amante~~