Michael Delikat
Aimee B. Florin
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

Hunter R. Hughes
J. Timothy Mc Donald
Ashley R. Hurst
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224

(Admitted *Pro Hac Vice*)

Attorneys for Defendant Nextel of New York, Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY ALMONTE, individually and on behalf all others similarly situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>NEXTEL OF NEW YORK, INCORPORATED,<br><br>                              Defendant. | 07-CV-6065-NRB<br><br>**ANSWER AND**<br>**<u>AFFIRMATIVE DEFENSES</u>** |

NOW COMES Defendant Nextel of New York, Incorporated (hereinafter "Nextel" or "Defendant") and sets forth its answer and affirmative defenses to Plaintiff's First Amended Complaint ("Complaint"):

## NATURE OF THE ACTION

1. Nextel admits the first sentence of Paragraph 1. It is unclear what is meant by the term "telephone dedicated customer service representatives (or comparable positions with different titles)." For example, Plaintiff worked as a retention representative and a retention supervisor. Nextel denies the remaining allegations set forth in Paragraph 1.

2. It is unclear what is meant by Plaintiff's use of the term "CSR." Nextel admits that Plaintiff worked as a retention representative and later as a retention supervisor in Nextel's Elmsford, New York facility. Nextel further admits that Plaintiff's Complaint purports to allege the claims set forth in the second sentence of Paragraph 2. Nextel, however, denies that Plaintiff has stated any valid claim for relief. Nextel denies the remaining allegations set forth in Paragraph 2.

3. Nextel admits that the Supreme Court of the United States held in *IBP, Inc. v. Alvarez*, 126 S. Ct. 514, 525 (2005) that activity "that is 'integral and indispensable' to the 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act." The Court further stated that "the fact that certain preshift activities are necessary for employees to engage in their principal activities does not mean that those pre-shift activities are 'integral and indispensable' to a 'principal activity' under *Steiner*." *Id.* at 527. Nextel denies the remaining allegations set forth in Paragraph 3.

4. The allegations set forth in Paragraph 4 are denied.

5. It is unclear what is meant by Plaintiff's use of the term "CSR." The allegations set forth in Paragraph 5 are denied.

6. It is unclear what is meant by Plaintiff's use of the term "CSR." The allegations set forth in Paragraph 6 are denied.

7. Nextel admits that Plaintiff's Complaint purports to allege a collective action claim under the FLSA. Nextel, however, denies that Plaintiff has stated any valid claim for relief.

8. Nextel admits that Plaintiff's Complaint purports to allege a class action claim under New York Labor Law. Nextel, however, denies that Plaintiff has stated any valid claim for relief.

## THE PARTIES

### *The Plaintiff*

9. On information and belief, Nextel admits that Plaintiff is currently a resident of the State of New York. Nextel further admits that his last known address is in Yorktown Heights, New York. Nextel denies the remaining allegations set forth in Paragraph 9.

10. Nextel admits that Exhibit A to Plaintiff's Complaint purports to be Plaintiff's consent to become a party plaintiff. Nextel denies the remaining allegations set forth in Paragraph 10.

11. It is unclear what is meant by Plaintiff's use of the term "CSR." Nextel admits that Plaintiff worked as a retention representative between September 2002 and August 2005 and then worked as a retention supervisor between September 2005 and November 2005 at the Elmsford, New York facility. Nextel denies the remaining allegations set forth in Paragraph 11.

### *The Defendant*

12. Nextel is Plaintiff's employer and therefore Plaintiff was to work and be paid consistent with Nextel's policies. Those policies are applied in circumstance-specific ways at appropriate times, and provide flexibility to permit more than one possible appropriate response to a given situation. Nextel denies the remaining allegations set forth in Paragraph 12.

13. The allegations set forth in Paragraph 13 are denied. Nextel is a Delaware Corporation with its principal place of business in Kansas.

14. Nextel admits that it conducts business in the State of New York and other states. Nextel denies the remaining allegations set forth in Paragraph 14.

15. The allegations set forth in Paragraph 15 are denied, but Nextel admits that it is a wholly-owned subsidiary of a wholly-owned subsidiary of Sprint Nextel Corporation.

## JURISDICTION AND VENUE

16. Nextel admits that Plaintiff's Complaint purports to allege a claim under the FLSA. Nextel, however, denies that Plaintiff has stated any valid claim for relief and denies the allegation to the extent it is not expressly admitted.

17. Nextel admits that Plaintiff's Complaint purports to allege a claim under the FLSA and jurisdiction under 29 U.S.C. §216(b) and 28 U.S.C. §1331. Nextel, however, denies that Plaintiff has stated any valid claim for relief and denies the allegation to the extent it is not expressly admitted.

18. Nextel admits that Plaintiff is a citizen of New York. Nextel further admits that it is not a citizen of New York. The remaining allegations set forth in Paragraph 18 are denied.

19. Nextel admits that Plaintiff is a citizen of New York and that Nextel is not a New York citizen.

20. The allegations set forth in Paragraph 20 are admitted.

21. Nextel admits that it is subject to the personal jurisdiction of this Court. Nextel denies the allegation to the extent it is not expressly admitted.

22. Nextel admits that Plaintiff's state law claims are so related to his FLSA claims that they form part of the same case and controversy. Nextel denies the allegation to the extent it is not expressly admitted.

23. Nextel admits that Plaintiff's state law claims are so related to his FLSA claims that they form part of the same case and controversy. Nextel denies the allegation to the extent it is not expressly admitted.

24. Nextel admits that venue in this Court is proper inasmuch as the call center at issue is located in Elmsford, New York. Nextel denies the remaining allegations set forth in Paragraph 24.

25. Nextel admits that one of its call center facilities is located in the Southern District of New York. Nextel denies the remaining allegations set forth in Paragraph 25.

26. Nextel admits that 28 U.S.C. §§ 2201 and 2202 relate to this Court's power to issue declaratory judgments. The statute speaks for itself. Nextel denies the remainder of the allegations as Plaintiff is not entitled to any relief.

27. Nextel admits that its Elmsford, New York call center is located in the Southern District of New York and that Plaintiff worked in that call center. Nextel denies the remaining allegations set forth in Paragraph 27.

## CLASS ACTION ALLEGATIONS

28. Nextel admits that Plaintiff's Complaint purports to allege a claim under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of individuals who worked for Nextel in New York for the aforementioned period of time. Nextel, however, denies that Plaintiff has stated any valid claim for relief.

29. Nextel admits that Plaintiff has defined the proposed New York Class to exclude Nextel's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Nextel; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class. Nextel denies the remaining allegations set forth in Paragraph 29.

30. Nextel admits that the number of individuals who may be members of the proposed class may be determinable by information in the possession of Nextel. Nextel also admits that the size of the proposed New York Class could exceed 40 individuals.

31. Nextel admits that the size of the proposed New York Class could exceed 50 individuals. Nextel denies the remaining allegations set forth in Paragraph 31.

32. The allegations set forth in Paragraph 32 are denied.

33. The allegations set forth in Paragraph 33 are denied.

34. The allegations set forth in Paragraph 34 are denied.

35. Insofar as Plaintiff has waived his claim for penalties/liquidated damages under the New York Labor Law, he is not an adequate class representative and thus, Nextel denies the allegations set forth in the first sentence of Paragraph 35. Nextel lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore denies the remaining allegations.

36. The allegations set forth in Paragraph 36 are admitted.

37. The allegations set forth in Paragraph 37 are denied.

## COLLECTIVE ACTION ALLEGATIONS

38.     Nextel admits that Plaintiff's Complaint purports to allege a claim under the FLSA as a collective action on behalf of himself and other individuals who worked for Nextel in New York.  Nextel, however, denies that Plaintiff has stated any valid claim for relief.  Nextel denies the remaining allegations set forth in Paragraph 38.

39.     The allegations set forth in Paragraph 39 are denied.

## FACTUAL ALLEGATIONS

*Plaintiff's Individual Factual Allegations*

40.     It is unclear what is meant by Plaintiff's use of the term "CSR."  The allegations set forth in Paragraph 40 are denied.

*Class-Wide Factual Allegations*

41.     It is unclear what is meant by Plaintiff's use of the term "CSR."  Nextel admits that the principal duties of employees who respond to customer requests remotely are to service the customers and sell telecommunications products.  Nextel has insufficient information to admit or deny the remaining allegations in Paragraph 41, and therefore the remaining allegations are denied.

42.     It is unclear what is meant by Plaintiff's use of the term "CSR." Nextel admits that Plaintiff was paid on an hourly basis when he was employed as a retention representative with Nextel between September 2002 and August 2005 that that his position as a retention representative was classified as non-exempt.  Nextel denies the remaining allegations set forth in Paragraph 42.

43. It is unclear what is meant by Plaintiff's use of the term "CSR." Nextel admits that Plaintiff was paid on an hourly basis when he was employed as a retention representative with Nextel between September 2002 and August 2005 that that his position as a retention representative was classified as non-exempt. Nextel denies the remaining allegations set forth in Paragraph 43.

44. The allegations set forth in Paragraph 44 are denied.

45. It is unclear what is meant by Plaintiff's use of the term "CSR." The allegations set forth in Paragraph 45 are denied.

46. It is unclear what is meant by Plaintiff's use of the term "CSR." The allegations set forth in Paragraph 46 are denied.

47. It is unclear what is meant by Plaintiff's use of the term "CSR." The allegations set forth in Paragraph 47 are denied.

48. The allegations set forth in Paragraph 48 are denied.

49. The allegations set forth in Paragraph 49 are denied.

50. The allegations set forth in Paragraph 50 are denied.

51. Nextel complied with all applicable legal requirements in compensating Plaintiff and the purported Class Members. Nextel denies the remaining allegations set forth in Paragraph 51.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Wages
### On behalf of Plaintiffs and the FLSA Collective

52. Nextel reincorporates its responses to the preceding paragraphs as if fully set forth herein.

53. The allegations set forth in Paragraph 53 are denied.

54. Nextel admits that 29 U.S.C. § 207(a)(1) states as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Nextel admits that it is an enterprise engaged in commerce according to this definition and that its employees are engaged in commerce. Nextel denies the remaining allegations set forth in Paragraph 54.

55. Nextel admits that it is an enterprise engaged in commerce and its employees are engaged in commerce as described in the response to Paragraph 54. Nextel denies the remaining allegations set forth in Paragraph 55.

56. Nextel admits that 29 U.S.C. § 207(a)(1) states as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Nextel admits that it is an enterprise engaged in commerce according to this definition and that its employees are engaged in commerce as described in Paragraph 54. Nextel denies the remaining allegations set forth in Paragraph 56.

57. Nextel admits that Plaintiff was an employee of Nextel as defined in 29 U.S.C. § 203(e). Nextel admits that Plaintiff was an employee within the meaning of 29 U.S.C. § 207(a) to the extent that the term "employee" as used in that section is based on the definition of "employee" provided in 29 U.S.C. § 203(e). Nextel lacks knowledge or information sufficient to form a belief as to whether any other individual who may choose to opt into this action is an employee under the FLSA and therefore denies the remaining allegations.

58. Nextel admits that it employed Plaintiff as an employer under 29 U.S.C. § 203(d). Nextel lacks knowledge or information sufficient to form a belief as to whether it is an employer with respect to any other individual who may choose to opt into this action and therefore denies the remaining allegations.

59. The allegations set forth in Paragraph 59 are denied.

60. The allegations set forth in Paragraph 60 are denied.

61. The allegations set forth in Paragraph 61 are denied.

62. The allegations set forth in Paragraph 62 are denied.

63. The allegations set forth in Paragraph 63 are denied.

64. The allegations set forth in Paragraph 64 are denied.

65. The allegations set forth in Paragraph 65 are denied.

## SECOND CAUSE OF ACTION
**New York Labor Law: Unpaid Overtime Wages**
**On behalf of the New York Plaintiffs and the New York Class Members**

66. Nextel reincorporates its responses to the preceding paragraphs as if fully set forth herein.

67. The allegations set forth in Paragraph 67 are denied.

68. Nextel admits that Plaintiff was an employee of Nextel as defined by NYLL Article 6 § 109 and NYLL Article 19 § 651. Nextel lacks knowledge or information sufficient to form a belief as to whether any other individual in the purported New York Class is an employee under the NYLL and therefore denies the remaining allegations.

69. Nextel admits that it was an employer of Plaintiff as defined by NYLL Article 9 § 190 and Article NYLL Article 19 § 651. Nextel lacks knowledge or information sufficient to form a belief as to whether it was or is an employer of any other individual in the purported New York Class under the NYLL and therefore denies the remaining allegations.

70. The allegations set forth in Paragraph 70 are denied.

71. The allegations set forth in Paragraph 71 are denied.

72. The allegations set forth in Paragraph 72 are denied.

73. The allegations set forth in Paragraph 73 are denied.

74. The allegations set forth in Paragraph 74 are admitted.

### THIRD CAUSE OF ACTION
**New York Labor Law: Unpaid Wages**
**On behalf of the New York Plaintiffs and the New York Class Members**

75. Nextel reincorporates its responses to the preceding paragraphs as if fully set forth herein.

76. Nextel admits that it operated a call center facility in Elmsford, New York and that Plaintiff was employed at that facility for approximately three years. Nextel lacks knowledge or information sufficient to form a belief as to whether it was or is an employer of any other individual in the purported New York Class under the NYLL and therefore denies the remaining allegations.

77. Nextel admits that Plaintiff was an employee of Nextel as defined by NYLL Article 6 § 109 and NYLL Article 19 § 651. Nextel lacks knowledge or information sufficient to form a belief as to whether any other individual in the purported New York Class is an employee under the NYLL and therefore denies the remaining allegations.

78. The allegations set forth in Paragraph 78 are denied.

79. The allegations set forth in Paragraph 79 are denied.

80. The allegations set forth in Paragraph 80 are denied.

81. The allegations set forth in Paragraph 81 are admitted.

## GENERAL DENIAL

82. In further answering Plaintiff's Complaint, Nextel denies each and every allegation contained therein which has not been specifically admitted.

## AFFIRMATIVE DEFENSES

83. The Complaint fails to state a claim upon which relief can be granted.

84. As alleged, the action cannot be maintained as a collective action or a class action.

85. The Complaint is barred in whole or in part by the applicable statute of limitations.

86. Plaintiff's claims are barred by the doctrine of laches.

87. Plaintiff, by his conduct, has waived any rights he may have had or is estopped to complain of the matters alleged in the Complaint.

88. Plaintiff is barred from seeking the relief requested by the doctrine of unclean hands.

89. Plaintiff has not been damaged in the manner or amount alleged or in any manner or amount.

90. Plaintiff is not entitled to liquidated damages because of Nextel's good faith belief that its actions did not violate the FLSA.

91. Plaintiff has failed to state facts sufficient to support a claim for compensatory damages, liquidated damages or any equitable relief, including declaratory relief.

92. Plaintiff has failed to state a claim for attorneys' fees.

93. Plaintiff's class action claims under New York Labor Law are barred by Rule 901(b) of the New York Civil Practice Law and Rules which provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure or recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."

94. Plaintiff's class action claims under the New York Labor Law should be dismissed insofar as Plaintiff's waiver of penalties/liquidated damages under the New York Labor Law renders Plaintiff an inadequate class representative.

95. Plaintiff's class actions claims under the New York Labor Law should be dismissed insofar as such claims are inherently incompatible with Plaintiff's collective action claims under the FLSA and asserting both state law class action claims and FLSA collective action claims in the same action violates express Congressional intent.

96. Neither Plaintiff, the putative class nor the class asserted herein meet the requirements of Fed. R. Civ. P. 23.

97. The members of the putative class are not "similarly situated" to each other or to Plaintiff.

98. Plaintiff and the putative class cannot satisfy the prerequisites of 29 U.S.C. §216(b).

99. Nextel reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, Nextel denies that Plaintiff is entitled to any damages or relief, including, but not limited to, the damages asserted and relief sought in the Complaint and Nextel requests that the Court enter judgment in its favor along with attorneys' fees and costs of this action along with any other relief the Court deems appropriate.

Dated: New York, New York
October 1, 2007

    Respectfully submitted,
    ORRICK, HERRINGTON & SUTCLIFFE LLP

    Attorneys for Defendant
    Nextel of New York, Incorporated

    By:   /s Aimee B. Florin
           Michael Delikat
           Aimee B. Florin
           666 Fifth Avenue
           New York, New York 10103
           212-506-5000

           Hunter R. Hughes
           J. Timothy Mc Donald
           Ashley R. Hurst
           ROGERS & HARDIN LLP
           2700 International Tower
           Peachtree Center
           229 Peachtree Street, N.E.
           Atlanta, GA 30303
           Telephone: (404) 522-4700
           Facsimile: (404) 525-2224

           (Admitted *Pro Hac Vice*)