**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Cara E. Greene (CG 0722)
3 Park Avenue 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson
Matthew L. Dameron
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHNNY ALMONTE, individually and on behalf all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEXTEL OF NEW YORK, INCORPORATED,<br><br>　　　　　　　　　Defendant. | 07 CV 6065- RNB |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'
JOINT MOTION FOR TRANSFER TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
PURSUANT TO 28 U.S.C. § 1404(a)**

The parties hereby jointly request that this Court transfer the above-captioned matter to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). In support of their Motion, the parties submit the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

　　**A.    *Bruner* (District of Kansas)**

In April 2007, Plaintiffs commenced a lawsuit against Sprint/United Management Company and Sprint/Nextel Corporation on behalf of telephone-dedicated customer specialists who worked in Sprint's call centers; the lawsuit alleged that Sprint violated the Fair Labor Standards Act ("FLSA") with respect to customer specialists. The initial case was styled *Bruner,*

*et al. v. Sprint/United Management Co., et al.*, Case No. 07-2164 (D. Kan.). *Bruner* is pending in the United States District Court for the District of Kansas. The *Bruner* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

### B.  *Lipnick* (Northern District of California)

In May 2007, Plaintiffs commenced a lawsuit against the same defendants as the *Bruner* action on behalf of telephone-dedicated customer specialists who worked for Sprint in the State of California. The California case was styled *Lipnick, et al. v. Sprint/United Management Co., et al.*, Case No. C07-03200 MMC (N.D. Cal.).[1] The *Lipnick* Complaint alleged Sprint violated the FLSA, as well as California wage and hour laws. The *Lipnick* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and their California state law claims as opt-out class actions pursuant to Fed. R. Civ. P. 23.

### C.  *Almonte* (Southern District of New York)

In June 2007, Plaintiffs commenced a lawsuit against the same defendants as the *Bruner* action on behalf of telephone-dedicated customer specialists who worked for Sprint in the State of New York; Plaintiffs also named Nextel of New York as a defendant. The New York case was styled *Almonte, et al. v. Sprint/United Management Co., et al.*, Case No. 1:07-CV-06065 (S.D.N.Y.). The *Almonte* Complaint alleged Sprint violated the FLSA, as well as New York wage and hour laws. The *Almonte* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and their New York state law claims as opt-out class actions pursuant to Fed. R. Civ. P. 23.

### D.  Mediation and Settlement

The parties agreed to engage in joint mediation to attempt to reach a global settlement of

---

[1] *Lipnick* initially was filed in the Superior Court of the State of California for the County of San Mateo. Sprint subsequently removed *Lipnick* to federal court.

the lawsuits.  In December 2007, the parties in all three cases mediated the matter in Kansas City, Missouri.  The parties did not reach an agreement at the mediation session, but they continued their negotiations.  In late February 2008, the parties finalized a Settlement Term Sheet that outlines the material provisions of an agreement for all three pending cases.  The Settlement Term Sheet contemplates that the *Almonte* and *Lipnick* actions will be transferred to the United States District Court for the District of Kansas and then consolidated for settlement approval proceedings.

**II.    TRANSFER TO THE DISTRICT OF KANSAS IS APPROPRIATE**

Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  Evaluating whether to transfer an action "requires a balancing of conveniences" and it is "left to the sound discretion of the district court."  *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) (internal citations omitted).

Transferring this case to one court for consolidated settlement proceedings serves the convenience of the parties because they will have to seek approval of the settlement in one forum only rather than three separate courts.  Streamlining settlement in a single court also will ensure that communications to putative class members are consistent, thereby minimizing confusion.  Also, if individuals seek to opt out of or object to the settlement, they will have to contact only one court.

Transfer also will serve the interest of justice.  Aside from the reasons articulated above, transfer will increase judicial efficiency by reducing the judicial resources exerted to evaluate the

settlement. Also, transfer will minimize the risk of inconsistent judgments regarding the reasonableness of the settlement.

The parties respectfully submit that transfer to the District of Kansas is appropriate under section 1404(a). Transfer facilitates the convenience of the parties, serves the interest of justice, and it is undisputed that the case could have been brought in the District of Kansas. The parties' Motion satisfies the conditions of section 1404(a) and the Court should transfer this case to the District of Kansas for further proceedings.

### III.  CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court grant their Joint Motion for Transfer to the United States District Court for the District of Kansas, and grant any other relief the Court deems just and proper.

Dated: New York, New York
       March 19, 2008

By: /s/ Cara E. Greene_____

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**STUEVE SIEGEL HANSON LLP**
George A. Hanson
Matthew L. Dameron
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Telephone: (816) 714-7112

**Attorneys for Plaintiffs
and the Putative Class**

By: /s/ Mike Delikat_____

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
Michael Delikat
Aimee B. Florin
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

**ROGERS & HARDIN LLP**
Hunter S. Hughes
229 Peachtree St. NE
Atlanta, GA 30303
Telephone: (404) 420-4622

**Attorneys for Defendant
Nextel of New York**